UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE WREX GROUP, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>A&R LOGISTICS, INC., et al., )<br>)<br>Defendants. ) | Case No. 4:25-CV-00982-CMS |

### **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Remand Case to State Court of Plaintiff The Wrex Group, LLC, d/b/a Chuck's Wrecker Service, (Doc. 15). Because 28 U.S.C. § 1446 requires consent from all defendants "[w]hen a civil action is removed solely under section 1441(a)," and Defendant A&R Logistics, Inc., has not consented to removal, the Court will GRANT Plaintiff's Motion to Remand Case to State Court, (Doc. 15).

### **BACKGROUND**

Plaintiff The Wrex Group, LLC ("Wrex"), is a towing and recovery operator registered, and with its primary place of business, in Missouri. (Doc. 1 at 2); (Doc. 4 at 2). Plaintiff originally filed this action against Defendant A&R Logistics, Inc. ("A&R") and Defendant Baseload Power Generation Parts and Services, Inc. ("Baseload") in Missouri state court on May 23, 2025. *See* (Doc. 4 at 1). Plaintiff claims that Defendant A&R breached its contract with Plaintiff by not paying Plaintiff for its services, including the amounts that Plaintiff had to pay to third-party contractors. (Doc. 4 at 2–3).

Plaintiff requested the Circuit Court issue summons for both Defendants. (Doc. 1, Ex. B at 17–24). A&R was served its summons, (Doc. 1, Ex. B at 31), on June 10, 2025. (Doc. 1, Ex. B at

36). Baseload was served its summons, (Doc. 1, Ex. B at 40), on June 5, 2025. (Doc. 1, Ex. B at 39).

On July 2, 2025, Defendant Baseload removed this case from Missouri state court to this Court, invoking diversity jurisdiction. (Doc. 1 at 1); *see* 28 U.S.C. §§ 1332(a), 1441(a). On August 23, 2025, Plaintiff moved to remand this case to state court, arguing that the unanimity rule, 28 U.S.C. § 1446(b)(2), requires this Court to remand. (Doc. 16 at 2). Neither Defendant has opposed the Motion for Remand within fourteen (14) days as is required by E.D. Mo. L.R. 4.01(B) or requested an extension of time to file a memorandum in opposition to Plaintiff's motion.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 708 (8th Cir. 2023) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). Federal district courts have original jurisdiction over all civil actions between citizens of different states "where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Generally, a civil action brought in state court may be removed by the defendant to federal court, provided that the action could have originally been brought in federal court. 28 U.S.C. § 1441(a).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c). Courts should resolve all doubts about federal jurisdiction in favor of remand to state court. *See Johnson v. Midwest Div. - RBH, LLC*, 88 F.4th 731, 735 (8th Cir. 2023). However, "[f]ederal courts have a 'virtually unflagging obligation' to decide cases that fall within

their jurisdiction." *Wassef v. Tibben*, 68 F.4th 1083, 1087 (8th Cir. 2023) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

## DISCUSSION

Title 28 U.S.C. § 1332(a)(1) vests this Court with subject-matter jurisdiction over this action. Neither party has disputed that the amount in controversy exceeds $75,000. Plaintiff's Complaint seeks $126,393.77 in its first count alone, (Doc. 4 at 5), and Plaintiff has not challenged Defendant Baseload's argument that the "aggregate amount in controversy, exclusive of interests and costs, exceeds the $75,000 threshold required under 28 U.S.C. § 1332(a)." (Doc. 1 at 3). Plaintiff and Defendant Baseload agree that complete diversity of citizenship exists, given that Plaintiff is a citizen of Missouri, (Docs. 1 at 2; 4 at 2), Defendant A&R is a Maryland company with its principal place of business in Maryland, (Docs. 1 at 3; 4 at 2), and Defendant Baseload is a Texas company with its principal place of business in Texas, (Docs. 1 at 3; 4 at 2). Despite the amount in controversy and the existence of complete diversity, *see* 28 U.S.C. § 1332(a), Plaintiff asserts that Defendant A&R has not consented to removal as required by Section 1446(b)(2). Therefore, according to Plaintiff, the removal of this case violated the rule of unanimity, and remand is required. (Doc. 16 at 2).

Title 28 U.S.C. § 1441(a) authorizes removal of civil actions brought in state court by a defendant to federal court when that action could have otherwise originally been brought in federal court. Defendant Baseload removed the civil action solely under Section 1441(a) because the action could have originally been brought in this Court on the basis of diversity jurisdiction under Section 1332(a). *See* (Doc. 1 at 2). Section 1446(b)(2)(A) mandates that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served

3

must join in or consent to the removal of the action." This provision codified what is known as the "rule of unanimity." *See Couzens v. Donohue*, 854 F.3d 508, 514 (8th Cir. 2017).

Before the 2011 amendments to Section 1446, "the later-served defendants ... had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants." *Id.* (alterations in original) (quoting *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001)). The 2011 amendments added Section 1446(b)(2)(C), which states: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."

The most recent Eighth Circuit opinion on the statute as amended, *Couzens*, 854 F.3d at 514–15 (citing cases), interprets Section 1446 as potentially doing away with the 30-day time limit, but acknowledges that courts have reached differing opinions. The Eighth Circuit declined to apply a time limit for consent to removal under Section 1446(b)(2)(C). *Id.* at 515. Instead, it found consent when a non-removing defendant filed its consent thirty-one days after the removing defendant had filed its notice of removal, but also noted some evidence that the non-removing defendant had consented before the thirty-day mark. *Id.* The Eighth Circuit's only real guidance was that it was "reluctan[t] to apply the unanimity requirement in a 'hypertechnical and unrealistic manner . . . .'" *Id.* (quoting *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015)).

As of the time of this writing, more than four months have passed since Defendant Baseload filed its Notice of Removal on August 2, 2025, and Defendant A&R has not filed anything, let alone a consent to removal. *See* (Doc. 1). Regardless of whether the thirty-day time limit has been repealed, this Court would not be applying the unanimity requirement in anything approaching a

4

"'hypertechnical and unrealistic manner'" by finding that Defendant A&R has not consented to removal. *See Couzens*, 854 F.3d at 515 (quoting *Griffioen*, 785 F.3d at 1187); *see also* (Doc. 1) (showing filing date of August 2, 2025).

The Court will remand this action on the basis that Defendant A&R has not consented to removal and the rule of unanimity is not satisfied.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand Case to State Court (Doc. 15) is **GRANTED**, and this matter is remanded to the Circuit Court of St. Louis County, Missouri.

A separate Order of Remand will accompany this Memorandum and Order.

So ordered this 9th day of December 2025.

**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**